IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY GORDON

                Plaintiff,                OPINION AND ORDER

    v.

                                              11-cv-022-slc[1]

MIKE MILLER, CHARLIE BRESSETT, DAVE UJKE,
ROSE GURNOE, CECIL PETERSON,
JIM HUDSON, DAN CLARK, GRAIG HAUKAAS,
JOHN ANDERSON, J.B. VAN HOLLEN,
SCOTT WALKER, DIRK KEMPHORNE,
TERRENCE VIRDEN, COUNTY OF BAYFIELD,
COUNTY OF WASHINGTON, D.C., COUNTY OF
MINNEAPOLIS, MN and COUNTY OF DANE, MADISON, WI,

                Defendants.

---

This is a proposed civil action in which plaintiff Gregory Gordon alleges that defendants violated his constitutional rights. Gordon asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Gordon has given the court, the court concludes that he unable to prepay the full fee for filing this lawsuit. Gordon has made the initial partial payment of $1.84 required of him under § 1915(b)(1).

The next step is determining whether Gordon's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] For the purpose of issuing this order, Judge William M. Conley acts for the court.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint,[2] Gordon alleges, and the court assumes for purposes of this screening order the following facts.

- Plaintiff Gregory A. Gordon is an inmate at the Stanley Correctional Institution, located in Stanley, Wisconsin.

- On October 20, 2007, defendant Mike Miller, a Red Cliff police officer, arrested Gordon at the Red Cliff Isle Vista Casino after a two car accident. Miller arrested Gordon for operating a vehicle while intoxicated without verification that Gordon was driving.

- Gordon was charged with resisting arrest in the booking area by Bayfield County Sheriff's Office booking area, but was denied a video recording of the incident. He was also charged with bail jumping and intimidation of witnesses. These charges were dismissed.

- On December 11, 2007, defendants Miller and Craig Haukaas swore out a false criminal complaint against him.

- On February 6, 2008, defendants Miller and Haukaas provided false statements at a preliminary hearing. Defendant Judge John Anderson found probable cause based on these false statements.

- At trial, defendants Anderson and Haukaas prevented Gordon from presenting his evidence.

- Gordon was denied the video surveillance recording of the October 20, 2007 arrest by defendants Haukaas, J.B. Ban Hollen, Charlie Bressett, Rose Gurnoe, Governor James Doyle, and Dave Ujke.

---

[2] Although Gordon filed a request to amend his complaint, he has not filed a proposed amended complaint. As a result of this order, he will be given the opportunity to do so.

OPINION

There are a number of problems with Gordon's attempt to proceed in federal court with claims that he was falsely arrested and maliciously prosecuted in state court. As an initial matter, Gordon seeks to go forward on a false arrest claim despite it having led to his conviction for operating while under the influence after a jury trial in Bayfield County Circuit Court (Case Number 2007-CF-0081). Gordon is barred from bringing a false arrest claim unless his criminal conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Having failed to allege that his criminal conviction has been invalidated, he will not be allowed to proceed on his false arrest claim.

Gordon's malicious prosecution claim must also be dismissed for failure to state a claim. A malicious prosecution is not a constitutional tort unless the state provides no remedy for malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) ("the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"). The state of Wisconsin recognizes the tort of malicious prosecution. *See, e.g., Strid v. Converse*, 111 Wis. 2d 418, 331 N.W.2d 350 (1983); *Whispering Springs Corp. v. Town of Empire*, 183 Wis. 2d 396, 515 N.W.2d 469 (Ct. App. 1994). Since Gordon has a state remedy for malicious prosecution, he has failed to state a federal law claim.

Finally, in his complaint, Gordon makes reference to being treated differently because (1) he is an American Indian and (2) certain compacts between the State of Wisconsin and his tribe were violated. At this stage, the court has no way to evaluate this claim. In federal

court, a plaintiff is obligated to set forth in a complaint (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8. Here, Gordon fails to allege how he was treated differently or how the compacts were violated. Further, he fails to allege who was personally involved in these alleged violations or what relief he seeks.

Because Gordon may be able to state a claim for relief under federal law, the court will, nevertheless, provide him an opportunity to amend his complaint to comply with Rule 8 with respect to (1) how he was treated differently because he is an American Indian, (2) how any compact with his tribe was violated and (3) who was personally involved in these alleged violations. Enclosed is a complaint form to assist Gordon in complying with this order. Gordon will have **until September 18, 2011, to file an amended complaint** that complies with Rule 8 and this opinion and order. If Gordon does this, the court will take the amended complaint under advisement for screening of his dismissed claims pursuant to 28 U.S.C. § 1915(e)(2). If he fails to respond to this order by September 18, 2011, however, the case will remain closed.[3]

---

[3] As a final matter, Gordon has submitted a motion an affidavit to recuse Magistrate Judge Stephen L. Crocker. Although Judge Crocker was assigned Gordon's case, this court assumes jurisdiction of Gordon's case for purposes of issuing this order. If Gordon's case goes forward, it will be reassigned to this court unless all parties consent to the jurisdiction of the magistrate judge. 28 U.S.C. § 636(c). The Magistrate Judge, however, may still rule on non-dispositive motions in this case. Gordon has submitted no evidence that Judge Crocker was biased in the decisions he has made in this case. Accordingly, Gordon's motion to recuse him will be denied.

ORDER

IT IS ORDERED that:

1. Gregory Gordon's request to proceed on his false arrest and malicious prosecution claims are DENIED.

2. Plaintiff's remaining claims are DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8.

3. Plaintiff may have until September 18, 2011, in which to file an amended complaint that complies with Fed. R. Civ. P. 8. If plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case.

4. Plaintiff's motion to recuse Magistrate Stephen L. Crocker is DENIED.

Entered this 10th day of August, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge