IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY GORDON

                Plaintiff,                OPINION AND ORDER

    v.

                                                      11-cv-022-slc

MIKE MILLER, CHARLIE BRESSETT, DAVE UJKE,
ROSE GURNOE, CECIL PETERSON,
JIM HUDSON, DAN CLARK, GRAIG HAUKAAS,
JOHN ANDERSON, J.B. VAN HOLLEN,
SCOTT WALKER, DIRK KEMPHORNE,
TERRENCE VIRDEN, COUNTY OF BAYFIELD,
COUNTY OF WASHINGTON, D.C., COUNTY OF
 MINNEAPOLIS, MN and COUNTY OF DANE, MADISON, WI,

                Defendants.

---

On August 10, 2011, this court denied Gregory Gordon's request to proceed on his false arrest and malicious prosecution claims and dismissed his remaining claims without prejudice for his failure to comply with Fed. R. Civ. P. 8. The court gave Gordon until September 18, 2011, in which to file an amended complaint that complies with Fed. R. Civ. P. 8. Gordon was advised that if he failed to file an amended complaint by that date, the clerk's office would close this case. The court also denied Gordon's motion to recuse Magistrate Stephen L. Crocker.

Now Gordon has filed a notice of appeal and a motion for extension of time to file his amended complaint. Because this case is not closed, Gordon's appeal is considered an interlocutory appeal. 28 U.S.C. § 1292. Moreover, having to pay the $455 fee for filing an appeal, the court construes his notice of appeal as a request to proceed *in forma pauperis* on appeal. If Gordon were to qualify for indigent status, he would normally be allowed to pay the

fee in monthly installments, beginning with an initial partial payment.  However, if he has three strikes against him under 28 U.S.C. § 1915(g), or if his appeal is certified as not having been taken in good faith, he may not proceed *in forma pauperis*.  Instead, he must pay the full amount of the fee immediately.

Gordon does not have three strikes against him, but the court finds his appeal is not taken in good faith.  Specifically, Gordon's appeal does not meet the requirements of an interlocutory appeal provided in 28 U.S.C. § 1292(b) in that an immediate appeal from the court's Rule 8 order will not materially advance this litigation.  On the contrary, waiting until Gordon has at least been given an opportunity to address this court's concerns by repleading will insure that any appeal is brought more completely, efficiently and definitely.  Similarly, little will be gained by certifying the court's denial of Gordon's request to recuse Magistrate Judge Crocker, particularly since he had no role in the delay or result of the court's screening order.  Therefore, Gordon's request to proceed *in forma pauperis* on appeal will be denied.

Gordon also requests a 90-day extension to file his amended complaint because of limited access to case law and a legal loan.  To file an amended complaint, Gordon does not need to do legal research to answer the specific factual questions this court found wanting in his original pleading.  The court will nevertheless grant Gordon additional an 30 days as sufficient time for Gordon to obtain postage and paper to submit his amended complaint.[1]

ORDER

---

[1] Attached to this order is a complaint form which will be sent to Gordon at his new address.

IT IS ORDERED that plaintiff Gregory A. Gordon's request to proceed *in forma pauperis* on his interlocutory appeal is DENIED.

IT IS FURTHER ORDERED that Gordon may have until October 18, 2011 to file an amended complaint that complies with Rule 8.  If plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case.

Entered this 7th day of September, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge