IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY GORDON

                Plaintiff,                OPINION AND ORDER

    v.

                                                    11-cv-22-slc[1]

MIKE MILLER, CHARLIE BRESSETT, DAVE UJKE,
ROSE GURNOE, CECIL PETERSON,
JIM HUDSON, DAN CLARK, GRAIG HAUKAAS,
JOHN ANDERSON, J.B. VAN HOLLEN,
SCOTT WALKER, DIRK KEMPHORNE,
TERRENCE VIRDEN, COUNTY OF BAYFIELD,
COUNTY OF WASHINGTON, D.C., COUNTY OF
MINNEAPOLIS, MN and COUNTY OF DANE, MADISON, WI,

                Defendants.

---

While incarcerated in the Wisconsin Department of Corrections, Gregory Gordon filed a civil rights complaint concerning his arrest and subsequent conviction. The court screened the complaint as required under 28 U.S.C. § 1915 and, in an order entered on August 10, 2011, denied Gordon's request for leave to proceed with claims of false arrest and malicious prosecution. Dkt. 11. Because Gordon made vague references to mistreatment based on his American Indian heritage, and to violations of certain compacts between the State of Wisconsin and his tribe, the court granted him an opportunity to amend his complaint to comply with Fed. R. Civ. P. 8.

Although Gordon has filed an amended complaint, he has not complied with the court's order. For reasons outlined briefly below, Gordon's amended complaint will now be dismissed.

---

[1] For the purpose of issuing this order, Judge William M. Conley acts for the court.

FACTS

The facts in this case have been set forth previously in the order dated August 10, 2011, dkt. 11, and will not be repeated at length here except to note that Gordon filed a complaint under 42 U.S.C. § 1983 for false arrest and malicious prosecution, seeking $1 million in damages for every year of wrongful confinement. Gordon alleged further that he was mistreated or treated differently because of his American Indian heritage in violation of certain unspecified compacts between the State of Wisconsin and his tribe.

After screening the proposed complaint as required by 28 U.S.C. § 1915, the court denied Gordon's request to proceed on his false arrest and malicious prosecution claims. The court then turned to Gordon's allegation that he was mistreated or treated differently because of his status as an American Indian. The court instructed Gordon to amend his complaint to provide a short and plain statement in compliance with Fed. R. Civ. P. 8 regarding (1) how he was mistreated or treated differently because of his American Indian heritage, (2) how any compact with his tribe was violated, and (3) who was personally involved in these alleged violations. Along with the order, the court provided Gordon with a complaint form to use as a guide.

The court subsequently granted Gordon two extensions of time, ultimately giving him until November 14, 2011, in which to file his proposed amended complaint in compliance with Fed. R. Civ. P. 8. Since that time, Gordon has filed a proposed amended complaint along with a supplement and a series of exhibits. The proposed complaint is far more detailed in its description of a hodge podge of actions allegedly taken against Gordon by

police officers, prosecutors, judges, tribal officials and others, most, if not all, of which appear to have been taken while acting in their official capacities. To date, however, Gordon has neither answered the specific questions posed in this court's August 10, 2011 order, nor has he otherwise attempted to comply with Fed. R. Civ. P. 8.

OPINION

Instead of addressing the specific questions posed by the court, the amended pleadings filed by Gordon repeat his previous claims of false arrest and malicious prosecution against even more, named defendants on his behalf and on behalf of others similarly situated. Gordon also now seeks $10 million in damages from each defendant for his wrongful conviction and imprisonment. Gordon's amended complaint fails as a matter of law for reasons outlined previously in the order dated August 10, 2011. As explained in that order, Gordon's claim of false arrest is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because his underlying conviction has not been set aside. Likewise, Gordon's allegations of malicious prosecution do not state a constitutional violation and must be dismissed for failure to state a claim under 42 U.S.C. § 1983. *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001). Even if actionable, Gordon's complaint appears to challenge defendants for actions almost certainly barred by absolute or at least qualified immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 418-19 (1976).

Moreover, Gordon's amended complaint and supplemental pleadings do not comply with Fed. R. Civ. P. 8 or this court's prior directions by including a short and plain statement

in response to the questions posed by the August 10, 2011 order. On the contrary, Gordon has only succeeded in further burying his wholly undeveloped claims of mistreatment because of his heritage or of actions in violation of tribal compacts. Nor does Gorden establish another basis for federal jurisdiction.

Given that Gordon has now squandered a further opportunity to cure the deficiencies in his complaint and disregarded the court's instructions, the court is left with no other option except to dismiss his complaint for failure to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011); *see also Owens v. Hinsley*, 635 F.3d 960, 965 (7th Cir. 2011) (holding that dismissal is appropriate where a prisoner ignores corrective instructions and attempts to evade a screening order under 28 U.S.C. § 1915A by pressing forward with claims that were dismissed previously for failure to state a claim).

ORDER

IT IS ORDERED that Gregory Gordon's amended complaint is DISMISSED with prejudice for failure to state a claim. The clerk's office is directed to close this case.

Entered this 24th day of May, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge